1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RUSSELL ROSENBERGER,<br><br>Petitioner,<br><br>v.<br><br>CITIZENS AND PEOPLE, STATE OF CALIFORNIA, et al.,<br><br>Respondents. | ) Case No. CV 13-3400 R(JC)<br>)<br>)<br>) ~~(PROPOSED)~~<br>)<br>) ORDER SUMMARILY DISMISSING<br>) SECOND AMENDED PETITION<br>) FOR WRIT OF HABEAS CORPUS<br>) AND ACTION<br>) |

_____

## I.   SUMMARY

On May 13, 2013, Paul Russell Rosenberger ("petitioner"), who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Original Petition"). The Original Petition, construed liberally, appeared to challenge a conviction and sentence in Ventura County. (Original Petition at 2). On August 20, 2013, respondent filed a Motion for More Definitive Statement ("Respondent's Motion") directed to the Original Petition. On October 15, 2013, petitioner filed what the Court construed as a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition").

In an order dated November 27, 2013, the Court denied Respondent's Motion as moot and noted several deficiencies in the First Amended Petition. The

Court granted petitioner leave to file a Second Amended Petition to cure the deficiencies.  <u>See</u> November 27, 2013 Order (discussing deficiencies in detail).

On January 2, 2014, petitioner filed an Amended Petition for Writ of Habeas Corpus ("Second Amended Petition").[1]  The Second Amended Petition did not correct any of the deficiencies the Court identified.  The Second Amended Petition purports to raise five grounds for relief, quoted to the extent legible below:

<u>Ground One</u>:  Sued People State of California for loss.  (1) Supporting FACTS: asked to bring these people up on federal criminal charges, using trumped up charges, to use Santa Barbara Sheriff Intervention, Judges, police abuse, lawyer mental anguish, I am deslexic [sic] not making things clear.

<u>Ground Two</u>: Sued County of Santa Barbara for loss.  (1) Supporting FACTS: While incarcerated lost business worth 13 million U.S. dollars.  Please note I am doing this with a bible open, King James, I usually use Geneva, Swiss movement of gods [illegible] my great grandfather Pope Pauls, to King Solomon, now I am in the golden state, birthing Jesus's first children.

<u>Ground Three</u>: Sued People in City of Carpinteria.  (1) Supporting FACTS: While incarcerated for crimes I did not commit, lost home, personal property stolen, by neighbor, no police protection.

///

///

<u>Ground Four</u>: Sued Citizens U.S.A. for murder of a Presidential

---

[1]On January 7, 2014, the Court issued an order extending petitioner's deadline to file a Second Amended Petition.  Although petitioner earlier had filed the Second Amended Petition, the Second Amended Petition was not docketed until January 9, 2014.

Candidate. (1) Supporting FACTS: electricuted [sic] two life 3 times, as died Santa Barbara Sheriff Intervention to stop me from preying [sic], with love of god, alcohol a sacrament to get clear picture, police made me out of place see I have accident, legal death for no crime.

Ground Five: All sued have not payed [sic], me or lawsuits. (1) Supporting FACTS: morals, values, U.S.C. 101, love, God, preyor [sic], privacy, personal property, honesty[.]

(Second Amended Petition at 5-6). The remainder of the Second Amended Petition contains largely incoherent rambling narratives and a drawing, with mentions of such things as petitioner's "candidacy," "Albert Einstein," petitioner's "stolen Nobel Peace Prizes," "rainbows," "buzzard," "road kill," "rats," and petitioner referring to himself as, "I am royal, the secret American King." (Petition at 7-8, 19).

The Second Amended Petition is unintelligible. The pleading wholly fails to clarify the confused and conclusory allegations of the Original Petition and the First Amended Petition. Again, the Court cannot determine from the Second Amended Petition what conviction or confinement petitioner is challenging (though in the Second Amended Petition petitioner references a "Santa Barbara Cal. Court" rather than a Ventura County conviction; see Second Amended Petition at 2), the factual basis for any such challenge, or the legal theory or theories upon which Petitioner relies to support any such challenge. Petitioner's confused allegations are insufficient to allege any basis for habeas relief. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (citation omitted), cert. denied, 517 U.S. 1143 (1996); see also Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (summary disposition of habeas petition

3

appropriate where allegations are vague or conclusory; "the petition is expected to state facts that point to a real possibility of constitutional error") (citation and quotation omitted); see also Rules 2(c)(1) and (2), Rules Governing Section 2254 Cases in the United States District Courts (federal habeas corpus petition must "specify all the grounds for relief available to the petitioner" and must "state the facts supporting each ground").

Petitioner may only obtain habeas relief pursuant to 28 U.S.C. § 2254(a) if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.   The Second Amended Petition makes no such contention.

The Court has afforded petitioner multiple opportunities to file a habeas petition stating a cognizable claim for relief.  Nevertheless, petitioner has proved unwilling or unable to do anything but file another frivolous petition.  Therefore, the Second Amended Petition is dismissed without leave to amend. See Gadda v. State Bar of Calif., 511 F.3d 933, 939 (9th Cir. 2007) (denial of leave to amend appropriate where further amendment would be futile); Bonin v. Calderon, 59 F.3d 815, 846 (9th Cir. 1995) ("proposed amendments [are futile when they] are . . . patently frivolous"; affirming district court's denial of leave to amend); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir.), cert. denied, 552 U.S. 985 (2007).

///

///

## II. ORDER

IT IS THEREFORE ORDERED that: (1) the Second Amended Petition is dismissed without leave to amend; (2) the action is dismissed without prejudice; and (3) judgment be entered accordingly.

DATED: April 7, 2015

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:[2]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.